UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAVIN BARRETT,<br><br>   Plaintiff,<br><br>vs.<br><br>THE CITY OF NEW YORK; FORMER NYPD COMMISSIONER WILLIAM BRATTON; POLICE COMMISSIONER JAMES P. O'NEILL; NEW YORK CITY POLICE DEPARTMENT ("NYPD") POLICE OFFICER DETECTIVE STEVEN LOPEZ Shield No. 11248; NYPD POLICE OFFICER JOSEPH SIGNORILE Shield No. 07581, NYPD POLICE OFFICER LIEUTENANT KEVIN TO, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES,<br><br>   Defendants. | Case No.: 18-cv-5522<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

   Plaintiff, by and through his undersigned attorney, alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

**JURISDICTION**

2. The Court has jurisdiction over Plaintiff's federal law claims under 28 U.S.C §§ 1331, 1343(a), (3), and (4).

## JURY TRIAL DEMANDED

3. Plaintiff demand trial by jury of all issues properly triable thereby

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

5. Plaintiff TAVIN BARRETT is a resident of Bronx County, City and State of New York.

6. That at all times herein mentioned, Defendant CITY OF NEW YORK (hereinafter "CITY") was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

7. That at all times herein mentioned, Defendant CITY operated, controlled and maintained a police force known as the New York Police Department ("hereinafter "NYPD").

8. That at all times herein mentioned, Defendant FORMER COMMISSIONER WILLIAM BRATTON ("hereinafter "Bratton") was a supervisor and employed by the CITY defendant. Defendant William Bratton was the New York City Police Commissioner. He was the chief civilian executive and operating officer of the New York City Police Department

and the final policy maker for the Defendant City of New York with respect to the polices, practices, standards, protocols, and operations of the New York City Police Department for and on behalf of the City of New York when this incident occurred.

9. Defendant William Bratton is being sued in his individual and official capacities.

10. That at all times herein mentioned, Defendant COMMISSIONER JAMES P. O'NEILL ("hereinafter "O'NEILL") was a supervisor and employed by the CITY defendant. Defendant is the New York City Police Commissioner. He is the chief civilian executive and operating officer of the New York City Police Department and the final policy maker for the Defendant City of New York with respect to the polices, practices, standards, protocols, and operations of the New York City Police Department for and on behalf of the City of New York when this incident occurred.

11. Defendant O'NEILL is being sued in his individual and official capacities.

12. That at all times herein mentioned, defendant Officer POLICE OFFICER STEVEN LOPEZ (hereinafter, "LOPEZ") was and is an NYPD officer employed by defendant CITY.

13. That at all times herein mentioned, Defendant LOPEZ was acting within the course and scope of his employment with defendant CITY.

14. That at all times herein mentioned, Defendant LOPEZ was acting under color of state law.

15. Defendant LOPEZ is sued herein in both his individual and official capacities.

16. That at all times herein mentioned, Defendant POLICE OFFICER JOSEPH SIGNORILE (hereinafter, "SIGNORILE") was and is an NYPD officer employed by defendant CITY.

17. That at all times herein mentioned, Defendant SIGNORILE was acting within the course and scope of his employment with Defendant CITY.

18. That at all times herein mentioned, Defendant SIGNORILE was acting under color of state law.

19. Defendant SIGNORILE is sued herein in both his individual and official capacities.

20. That at all times herein mentioned, defendant Officer POLICE OFFICER KEVIN TO (hereinafter, "TO") was and is an NYPD officer employed by defendant CITY.

21. That at all times herein mentioned, Defendant TO was acting within the course and scope of his employment with defendant CITY.

22. That at all times herein mentioned, Defendant TO was acting under color of state law.

23. Defendant TO is sued herein in both his individual and official capacities.

24. At all relevant times herein, the individual Defendants acted jointly and in concert with each other.

25. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual Defendants, but each individual defendant failed and refused to perform such duty, thereby proximately causing Plaintiff' injuries.

## STATEMENT OF FACTS

26. The subject of this lawsuit is an incident that occurred on June 15, 2014 through January 21, 2016.

27. On or around June 15, 2014, at approximately 1:45 a.m., then 21 year old Plaintiff TAVIN BARETT, was walking along Nereid Avenue with two friends, KITT AND NICK, after watching the World Cup at KITT AND NICK'S house and were on their way to a party on Bronxwood Avenue.

28. Mr. TAVIN BARRETT, a practicing Rastafarian, did have less than 25 grams of marijuana in his pocket for his personal use.

29. At no time did either Plaintiff TAVIN BARRETT or the two people he was walking with display any weapon or contraband to public view.

30. At no time did Plaintiff TAVIN BARRETT have any weapon on his person.

31. At approximately 1:45 a.m. a black car came to an abrupt stop alongside of them and two males (later known to be defendants LOPEZ AND SGINORILE,) exited the car and approached Plaintiff TAVIN BARRETT and his friends, at a near running speed.

32. On June 15, 2014, AT 1:45 a.m., defendants LOPEZ, SIGNORILE and TO were on duty and working in the "anti-crime unit" of the NYPD.

33. Neither LOPEZ nor SIGNORILE, was dressed in an official police uniform, they were dressed in plain clothes.

34. Neither LOPEZ nor SGINORILE identified themselves as a police officer.

35. At the time that Defendant SIGNORILE stopped Plaintiff, there was no reasonable suspicion that Plaintiff TAVIN BARRETT had engaged in any criminal activity.

36. Nevertheless, Defendant SIGNORILE immediately began to search Mr. TAVIN BARRETT.

37. Defendants knew that there was no reasonable suspicion to stop Mr. TAVIN BARRETT and that it was lacking, but took no action, despite their affirmative obligation to intervene in violation of TAVIN BARRETT'S rights by Defendant SIGNORILE.

38. After plaintiff, TAVIN BARRETT was unlawfully stopped and searched the less than 25 grams of marijuana was recovered.

39. The other members of the "anti-crime unit" team including Defendants LOPEZ and TO were in a position to observe Mr. TAVIN BARRETT prior to and at the time of the arrest knew that probable cause to arrest Mr. TAVIN BARRETT was lacking, but took no action, despite their affirmative obligation to intervene in violation of Mr. TAVIN BARRETT'S rights by SIGNORILE.

40. Defendant handcuffed Mr. TAVIN BARRETT and took him to a waiting police car.

41. The officers then took Mr. TAVIN BARRETT to the 47th precinct.

42. Mr. TAVIN BARRETT learned, while he was at the Precinct, that Defendant Officers were charging him with possession of a firearm.

43. Mr. TAVIN BARRETT, who had never been arrested or even issued a summons, did not own a gun, have a gun, carry a gun, or know anything about the gun defendants alleged he possessed.

44. Mr. TAVIN BARRETT also did not know that the Defendant Officer LOPEZ had a long list of instances where he had lied under oath.

45. In fact, at least twice prior to 2014, two different Judges in this Court found, and stated in their Decisions that Officers Lopez's testimony was not credible (see, Judge Sweet in 2011 (*United States v Williams*, 2011 US Dist LEXIS 134352 [SDNY Nov. 21, 2011]),

-6-

and Judge Koeltl (*United States v. Russel*, No. 11 Cr. 312, Decision Transcript at 9-10 (November 9, 2011).

46. Even though Defendant LOPEZ's testimony has not been accepted as truthful in criminal cases by Judges in this Court, for a variety of reasons including LOPEZ lying to federal prosecutors regarding his involvement with a ticket fixing scandal, Defendant CITY OF NEW YORK and Defendant COMMISSIONERS WILLIAM BRATTON and JAMES P. O'NEILL continue to allow Officer LOPEZ to patrol the street and effectuate arrests that are completely reliant on his testimony.

47. In support of the arrest and in an effort to cause prosecutors to file false charges against Mr. TAVIN BARRETT, Defendants LOPEZ and SIGNORILE prepared a variety of false paperwork and forwarded the documents to employees of the Bronx County District Attorney's Office.

48. In support of the false charges levied against Mr. TAVIN BARRETT, Defendant LOPEZ swore out a felony complaint under penalty of perjury containing material allegations LOPEZ knew to be false.

49. At no point, prior to unlawfully detaining and searching Plaintiff, did the officers observe Plaintiff with a firearm or have reasonable suspicion that Plaintiff had possessed a gun, at any time.

50. Defendant LOPEZ did not properly follow the NYPD procedures for use to safeguard and invoice the gun, including those procedures specified in the 2014 New York Police Department Patrol Guidelines.

51. Defendant Officer LOPEZ swore, in the felony complaint, that he saw a gun in Plaintiff's hand.

52. Defendant LOPEZ prepared an "Arrest Report" falsely claiming that Mr. TAVIN BARRETT was in possession of a loaded firearm.

53. Under the supervision of Defendant TO, defendant SIGNORILE falsely testified in the Grand Jury, pre-trail hearings and at trial that he observed TAVIN BARRETT in possession of a firearm.

54. Plaintiff TAVIN BARRETT was thereafter arraigned on a felony complaint under Bronx County Docket Number 2014BX031884, which, based on the fabricated information that Defendants had provided to the District Attorney's Office, charged plaintiff with Criminal Possession of a Weapon in the Second Degree (P.L.265.03 (1) (b) (a class C violent felony punishable up to Fifteen (15) years in prison); the lesser included charges thereunder; and unlawful possession of marihuana (P.L. 221.05)(a violation under the penal law, wherein the maximum penalty was a $100 fine with no jail alternative).  There was no probable cause that Plaintiff TAVIN BARRETT had committed any of these crimes or any other offense prior to his unlawful stop.

55. On July 1, 2014, Plaintiff TAVIN BARRETT, based on the false testimony of defendants, was indicted on two counts of Criminal Possession of a Weapon in the Second Degree as well as the lesser included charges thereunder; Plaintiff was not indicted for possession of marijuana.

56.  All Defendants agreed, cooperated, participated, and conspired with their co-Defendants herein to assist in and effectuate Plaintiff' unlawful arrest, excessive force, and malicious abuse of process for crimes Officers knew that they did not commit, and in so doing deprived Plaintiff TAVIN BARRETT of his rights, privileges and immunities secured by the Constitution of the United States, including, but not limited to, his rights under the

Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable searches and seizures and to due process of law.

57. Defendants made these false allegations against Plaintiff TAVIN BARRETT with actual malice, and out of spite and ill will, and with retributive purpose.

58. Defendants engaged in the above-described conduct intentionally and/or with deliberate indifference to Plaintiff TAVIN BARRETT' constitutional and civil rights.

59. As Plaintiff TAVIN BARRETT did not commit or aid/abet in the commission of any of the offenses with which he was charged, he pleaded not guilty to all counts, and, although this was TAVIN BARRETT'S first contact with the criminal justice system, bail was set in the amount of Seven Thousand Five Hundred ($7,500.00) bond or Five Thousand ($5,000.00) cash alternative.

60. Plaintiff, TAVIN BARRETT was immediately taken into the custody of the New York City Department of Correction, where he remained in custody for approximately Nine (9) months.

61. Mr. TAVIN BARRETT remained incarcerated at Rikers Island for approximately eight months based on manufactured charges stemming from a felony complaint sworn to by Defendant LOPEZ, an Officer who was known by the CITY to be dishonest under oath.

62. Plaintiff TAVIN BARRETT was required, for over Eighteen (18) months, to appear in court to defend against the false criminal charge that had been lodged against him.

63. All Defendants acted in concert to lodge these false allegations against Plaintiff TAVIN BARRETT and initiate a prosecution against him for offenses they knew he did not commit.

64. The prosecution of TAVIN BARRETT continued until January 21, 2016, when Plaintiff was found not guilty after a trial and it all charges against him were dismissed and sealed by court order.

65. Defendants TO and LOPEZ have been sued numerous times for acts that included falsely testifying. In fact, in one lawsuit, *Diaz v. City of New York*, filed in Bronx Supreme under Index #3044081/2015, for events in July 2014, Defendants TO and LOPEZ working together also, allegedly, falsely attributed a firearm to Plaintiff in that suit; there was no subsequent prosecution because after evaluating the facts the Bronx District Attorney's office Declined to Prosecute that case.

66. The City of New York, through policies, practices, and customs directly caused the constitutional violations suffered by Plaintiff.

67. The City, through its police department, had a de facto quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

68. The City, at all relevant times, was upon information and belief, aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

69. The City of New York was Aware That Defendant LOPEZ Has committed perjury.

70. "Testilying", or police lying under oath, is a practice so persistent and widespread that it constitutes a custom through which constructive notice is imposed upon policymakers.

71. The City of New York, through the NYPD and its officers, has failed to train its Officers against testilying, both because they do not adequately train officers on the necessity of being truthful and the repercussions of lying under oath, and also, because there are little or no repercussions when Officers are caught committing perjury.

72. The City of New York, not only failed to train or supervise, but additionally, then hides their Officers disciplinary records through invoking the opaque and controversial Section 50-a of the New York civil rights code. This lack of transparency and accountability deflects any accountability for testilying, resulting in a "code of silence" in the state criminal justice system.

73. Defendant City, through the NYPD and its officers, has a policy and/or practice of fabricating evidence for the purposes of obtaining overtime pay, meeting arrest quotas and advancing the career prospects of police officers and detectives.

74. As part of this policy and/or practice, City employees routinely – as in this case – falsely report the recovery of contraband from criminal suspects and falsely attribute criminal conduct to law abiding citizens.

75. This policy and practice was a moving force behind plaintiff's injuries in this case.

76. In addition, the supervisors of defendants TO, LOPEZ and SIGNORILE are liable for failing to appropriately oversee and audit their conduct with respect to the planting of evidence and the making of false official statements. Defendant Officer Lieutenant TO, as supervisor, knew or should have known that defendant LOPEZ and SIGNORELLI's conduct threatened the constitutional rights of citizens including Mr. BARRETT, but recklessly failed to act.

77. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

78. Mr. TAVIN BARRETT suffered damage as a result of the defendant's actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

79. As a result of the foregoing, Plaintiff sustained, *inter alia*, deprivation of his constitutional rights, loss of enjoyment of life, loss of liberty, loss of basic, fundamental human contact, loss of natural contact with significant others, loss of natural contact with his family, loss of the natural family role they played within his family as, son, and brother; physical injuries; personal injuries; emotional injuries, loss of income, loss of employment seniority; loss of employment and business experience; loss of economic opportunity; pain and suffering; severe mental anguish, emotional distress, fear and lack of privacy, all necessitating psychiatric or therapeutic counseling; inadequate medical care; humiliation, indignities and embarrassment; degradation; injury to reputation; permanent loss of natural psychological development; restrictions on or total deprivations of all personal freedoms; liberties and entitlements, including but not limited to diet, sleep, personal contact, educational opportunity, vocational opportunity, athletic opportunity, hobbies, religious fulfillment, personal fulfillment, sexual activity, family relations, marital relations, reading, movies, travel, driving, enjoyment, and expression. Furthermore, as a direct result of his unjust conviction and imprisonment, and the excessive force used against him, many of the effects of these disabilities and impairments continue to plague Plaintiff to this day, and will continue to plague Plaintiff for the rest of his life.

### FIRST CLAIM FOR RELIEF
**MALICIOUS PROSECUTION IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION**

80. The Plaintiff Mr. TAVIN BARRETT incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

81. Defendants misrepresented and falsified evidence before the District Attorney for charges against Plaintiff TAVIN BARRETT for the June 15, 2014 arrest.

82. Defendants did not make a complete and full statement of facts to the District Attorney, and withheld exculpatory evidence from the District Attorney.

83. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

84. Defendants lacked probable cause to continue criminal proceedings against Plaintiff TAVIN BARRETT for over 18 months.

85. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

86. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

87. Notwithstanding the perjurious and fraudulent conduct of the Defendants, the criminal proceedings against Plaintiff was terminated in Plaintiff's favor on January 21, 2016.

### SECOND CLAIM FOR RELIEF
**MALICIOUS ABUSE OF PROCESS IN VIOLATION OF 42 U.S.C. § 1983**

88. The Plaintiff incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

89. Defendants issued legal process to place Plaintiff under arrest.

90. Defendants arrested Plaintiff TAVIN BARRETT in order to achieve a collateral objective beyond the legitimate ends of the legal process.

91. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

92. As a direct and proximate result of the misconduct and abuse of authority described above, Plaintiff has suffered and will continue to suffer injury and damages, including, inter alia, physical and mental pain and suffering, and mental anguish.

### THIRD CLAIM FOR RELIEF
### FAILURE TO INTERVENE IN VIOLATION OF 42 U.S.C.§ 1983

93. The Plaintiff incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

94. Each and every individual defendant had an affirmative duty to intervene on Plaintiff' behalf to prevent the violation of his constitutional rights.

95. The individual Defendants failed to intervene on Plaintiff' behalf to prevent the violation of his constitutional rights incurred by the use of excessive force against them, his false arrest, and unlawful and excessive detention, despite having had a realistic opportunity to do so.

96. As a result of the aforementioned conduct of the individual Defendants, Plaintiff' constitutional rights were violated.

### FOURTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL

97.     The Plaintiff incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

98.     By the actions described above, Defendants created and forwarded false evidence to prosecutors in Bronx County against Plaintiff TAVIN BARRETT. The acts and conduct of the Defendants TO, LOPEZ, and SIGNORILE were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

99.     In creating false evidence against Plaintiff, and in forwarding the false information to prosecutors, the individual defendants TO, LOPEZ, and SIGNORILE violated Plaintiff's rights to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

**FIFTH CLAIM FOR RELIEF**
**SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §§ 1981 AND 1983**

100.    The Plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

101.    By their conduct in failing to remedy the wrongs committed by employees of the THE CITY OF NEW YORK under their supervision; in failing to properly train, supervise, or discipline employees of the THE CITY OF NEW YORK under their supervision; and in directing employees under their supervision, Defendants BRATTON, O'NEILL, and TO, acting under the color of state law and in their individual and official capacities and within the scope of their employment, caused damage and injury in violation

of Plaintiff' rights guaranteed under 42 U.S.C. § 1983, and the United States Constitution, including its Fourth, Fifth, Sixth, and Fourteenth Amendments.

102. As a result of the foregoing, Plaintiff was deprived of his liberty, endured pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### SIXTH CLAIM FOR RELIEF
### (MUNICIPAL LIABILITY "MONELL" CLAIM UNDER 42 U.S.C. § 1983)

103. The Plaintiff incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

104. The individual defendants, singly and collectively, while acting within the scope of their employment and authority and under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of the NYPD and their specific precinct(s) forbidden by the Constitution of the United States.

105. By their conduct in failing to remedy the wrongs committed by employees of the THE CITY OF NEW YORK under their supervision; in failing to properly train, supervise, or discipline employees of the THE CITY OF NEW YORK under their supervision; and in directing employees under their supervision, Defendants BRATTON, O'NEILL, and TO, acting under the color of state law and in their individual and official capacities and within the scope of their employment, caused damage and injury in violation of Plaintiff' rights guaranteed under 42 U.S.C. § 1983, and the United States Constitution, including its Fourth, Fifth, Sixth, and Fourteenth Amendments.

106. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all the Defendants:

a. Compensatory damages in an amount to be determined at trial;

b. Punitive damages in an amount to be determined at trial;

c. Attorney's fees pursuant to 42 U.S.C. § 1988;

d. An award of Plaintiff' costs of suit;

e. Pre-judgment and post-judgment interest;

f. Such other relief as this Court deems just and proper.

Dated this 19th day of June, 2018

Respectfully Submitted,

_____/s/_____
P. Jenny Marashi (PM0916)
Marashi Legal
930 Grand Concourse, #1E
Bronx, NY 10451
(917) 703-1742
Attorney for Plaintiff